

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,

    v.                                CRIMINAL ACTION
                                    NO. 01-80571


MILTON BUTCH JONES, RAYMOND CANTY,
EUGENE MITCHELL,

                    Defendants.
_____/

FILED 2005 MAY 18 A 7:42

U.S. DISTRICT COURT
EASTERN MICHIGAN


MOTION HEARING
BEFORE THE HONORABLE JOHN CORBETT O'MEARA
United States District Judge
252 Theodore Levin U.S. Courthouse
231 Lafayette Boulevard West
Detroit, Michigan
Tuesday, April 5, 2005

**FILE COPY**



APPEARANCES:

JOSEPH ALLEN
REGINA McCULLOUGH
United States Department of Justice
211 West Fort Street
Suite 2300
Detroit, Michigan  48226
(313) 226-9591/9668
    On behalf of Plaintiff.

HAROLD GUREWITZ
SHARON DOLENTE
Gurewitz & Raben, P.L.C.
333 West Fort Street
11th Floor
Detroit, Michigan  48226
(313) 226-4740
    Appearing on behalf of Defendant, Milton Butch Jones.

RICHARD M. LUSTIG, P.C.
240 Daines Street
Birmingham, Michigan  48009
(248) 258-1600
    On behalf of Defendant, Raymond Canty.


**TO OBTAIN CERTIFIED TRANSCRIPT:**
Andrea E. Wabeke, CSR, RMR, CRR
Official Court Reporter
734.741.2106

# I N D E X

| Proceeding | Page |
|---|---|
| Allocution by Mr. Allen | 8 |
| Allocution by Mr. Gurewitz | 11 |
| Allocution by Mr. Allen | 15 |
| Colloquy with Defendant Jones | 17 |
| Colloquy with Defendant Canty | 20 |

# E X H I B I T S

Exhibit No.                    Offered   Received

(None Offered)

Motion                                          4-5-05

4

1              Detroit, Michigan

2              April 5, 2005

3              10:18 a.m.

4                      -   -   -   -

5              THE CLERK:  Calling case number 01-80571,

6      United States versus Jones.

7              THE COURT:  Counsel please put their

8      appearances on the record, Mr. Allen?

9              MR. ALLEN:  Good morning, your Honor, Joe

10     Allen and Regina McCullough on behalf of the United

11     States.

12             THE COURT:  Good morning.

13             MR. GUREWITZ:  Good morning, your Honor,

14     Harold Gurewitz, and seated at counsel table is Sharon

15     Dolente from my office.

16             THE COURT:  Good morning to you.

17     Mr. Lustig?

18             MR. LUSTIG:  Richard Lustig, on behalf of

19     Defendant Canty, who is seated in the wheelchair.

20             THE COURT:  Good morning.  And both the

21     Defendant Milton Jones and the Defendant Raymond Canty

22     are present in the courtroom at counsel table.  And

23     we're here this morning on the Government's motion

24     requesting a hearing pursuant to 44 -- Rule 44(c),

25     which as we all know involves the problem, if there is

5

Motion                                    4-5-05

1    one, which is before us, in relationship to the

2    representation by Mr. Lustig in 1983 of Mr. Jones,

3    which problem has been noticed as a special finding in

4    the second superseding indictment as an aggravating

5    factor which the Government might rely upon.

6              I have informed the parties that I will

7    sever the Government's action against Mr. Jones from

8    the other defendants for trial, and we have a trial of

9    September 6th now.  But this problem of conflict was

10   renewed in Defendant Jones' motion for -- renewed

11   motion asserting the conflict.  As I said, we will

12   grant a severance and this, the Defendants say --

13   Jones says and his papers says that that renders it

14   moot and that that should be the easy way to do it.

15   The Government says regardless of whether or not we

16   sever, they have a problem that they'd like to address

17   in one way or another here today.

18              I guess the first thing is I'm granting the

19   motion for a 44(c) hearing and this is it, which I

20   think everybody assumed anyway.  If there's a problem

21   with that, let me know.

22              The Government says that the Defendant

23   asserts -- now asserts actual conflict and they have,

24   I think on Page 11 of their brief someplace -- here it

25   is.  Whether the conflict is an actual conflict under

Motion                                          4-5-05

1    the circumstances of the case, and that is contested

2    by Defendant Jones, who says something to the effect

3    that not an actual conflict but a possibility of a

4    conflict, which they believe is different.  I think it

5    is too.

6              The Government wants, as a result of all of

7    this, the Court to have a hearing, which we're having,

8    at which the Defendants Canty and Jones will

9    acknowledge their individual understanding of the

10   nature of Mr. Lustig's successive representation, if

11   there's a conflict, and fully set forth any

12   individualized claim of actual conflict they assert,

13   if there is one.

14             I have read what we have here against the

15   **_Osborn_** case, which seems to be a strong statement of

16   some kind.  But as I will say in a minute, I don't

17   think it's applicable here.  Judge Moore there

18   certainly made clear that 44(c) is a serious

19   responsibility of the Court and the parties, and that

20   where there's a possibility of a conflict, if it could

21   be likely even, it's necessary for the Court at least

22   to inquire and get waivers and perhaps take other

23   action.

24             The first thing, based upon what I have seen

25   of the precedent, principally the **_Osborn_** case, but

Motion                                    4-5-05

1    that's not the only thing, is that I do hereby rule

2    that 44(c) doesn't apply to subsequent

3    representations, as compared to joint representations.

4    It literally and specifically talks about joint

5    representations, which are clearly concurrent

6    representations of more than one defendant in a case,

7    where I think the *Osborn* case was husband and wife

8    were charged with some crime.

9         However, if 44(c) did apply, I then believe

10   that it may very well be a situation where waivers are

11   possible, and the Government puts it this way, that

12   the extended nature of this case, how long this has

13   been going on, that no casual proffer has been made of

14   a specific conflict, and the length of time since 1983

15   when Mr. Lustig first represented Mr. Jones, or at

16   least that's the representation of Mr. Jones we're

17   talking about here, that all of those things make it

18   waivable.  And if 44(c) did or does apply, a grant of

19   severance of Mr. Jones from the other defendants,

20   according to the Defendant Jones, makes it moot, and I

21   almost agree with that, but not quite.

22        However, in case I'm wrong about any of

23   that, we're here today, and I think that it's

24   appropriate for the Court to make the inquiries that

25   *Osborn* suggests should be made to defendants, and

Motion                                        4-5-05

1     that's what I purport to do -- what I propose to do

2     unless somebody's got a different idea they want to

3     argue to me.  Mr. Gurewitz?

4              MR. ALLEN:  Your Honor, if I may -- just

5     observations before the Court proceeds to

6     Mr. Gurewitz.  I do agree with both Mr. Gurewitz's

7     motion and the Court's conclusion that 44(c) is

8     specifically designed to address joint representation.

9     The reason the Government has asked for a similar

10    inquiry is because the prospect of a conflict being

11    asserted, whether it resulted in severance or not.

12    And in my mind, it seemed that a conflict was being

13    used as a sword rather than a shield to obtain

14    severance.  Since the Court has granted severance, and

15    I don't think it turned on the issue of conflict, I

16    think it turned on all of the issues in the case, that

17    part of the Government's request is really moot.

18              However, the inquiry that I believe needs to

19    be made as to Mr. Jones, if he concedes that there is

20    no actual conflict with a severance granted, I just

21    want to have Mr. Jones, through Mr. Gurewitz, however

22    the Court intends to do it, state for the record that

23    he is not moving to disqualify Mr. Lustig because he

24    does not believe Mr. Lustig's representation would

25    prejudice his defense.

Motion                                        4-5-05

1              I understand conflicts are something that
2       can always change in the future, but we have proceeded
3       this far.  We may disagree on how and when this issue
4       has been discussed before, but I think -- I don't
5       think anyone disagrees that we've all proceeded on the
6       premise that Mr. Lustig's presence in this case has
7       not caused prejudice up to this point, and that no
8       joint trial, it's my understanding that Mr. Gurewitz
9       and Mr. Jones agree that it will not cause prejudice
10      to him in a trial as to Mr. Jones.
11              But I do think we need a positive statement
12      that there is no request for disqualification, that he
13      understands that Mr. Lustig will forever retain a duty
14      of loyalty to him and a duty to keep his both
15      confidences and secrets.  And if Mr. Lustig should
16      somehow intentionally orinadvertently breach that
17      duty, it will not result in prejudice in the trial --
18      in a separate trial, at least that's his belief at
19      this point, again, understanding that we don't have a
20      crystal ball and we don't know what the future will
21      hold.
22              THE COURT:  One of the elements that -- I'm
23      not suggesting that the Government should do this, but
24      it certainly would remove a problem we thought of if
25      the Government stated on the record and assured the

Motion                                4-5-05

1   parties that it did not intend to call Mr. Jones in

2   any prosecution of Mr. Canty.  If that happened, we'd

3   have a different situation from any we would have in

4   Mr. Jones' trial, since presumably Mr. Lustig would be

5   cross examining Mr. Jones.

6           MR. ALLEN:  That is an issue which has

7   occurred to me over the course of this case many

8   times, your Honor.  I can't ever say never, but the

9   Government has no intention at this time of calling

10  Mr. Jones in the separate trial of Mr. Canty.  As the

11  Court understands, there's always some possibility

12  that things could change in the future.  I don't think

13  it's a likelihood, but a possibility.  If that were to

14  occur, just as **Osborn** addresses to the Court, we would

15  have a different situation.

16          I do not believe that will happen as this

17  case proceeds.  I believe that Mr. Jones' case

18  proceeds, as the Court has docketed, first.  We will

19  have a resolution of any conflict issues as to

20  Mr. Lustig's representation, as far as it impacts

21  Mr. Jones' trial, with the conclusion of the trial.

22  At that point, if there are still issues remaining

23  with Mr. Canty and Mr. Lustig's representation, we may

24  have to take a fresh look.  But as we stand here

25  today, with the plan to proceed with separate trials,

Motion                                    4-5-05

1    with Mr. Jones' trial proceeding first, I see no

2    instance in which -- I guess I'll flip it around, your

3    Honor, I see no instance in which the Government would

4    request, for example, Mr. Lustig to testify in any

5    proceeding against Mr. Jones.  It sounds farfetched,

6    but that's --

7         THE COURT:  Well, that's -- I haven't

8    thought much about that, but I don't see how that

9    would be possible.

10        MR. ALLEN:  I don't believe it's possible

11   either, but what I want to get to here, your Honor,

12   and the reason we requested this hearing, is I want

13   all these issues addressed in the presence of the

14   Defendants so that we have a record of what I think

15   we've proceeded on for the past several years as this

16   case has gone forward, with specific statements from

17   each party addressing Mr. Canty.  If the Court would

18   like me to proceed, there's a little difference, I

19   believe Mr. Canty has signed a written waiver, but I

20   would like the Court to specifically address those

21   issues.

22        THE COURT:  I will ask the questions of

23   both, but I would like to hear from Mr. Gurewitz and

24   Mr. Lustig, if either of them have anything to say.

25        MR. GUREWITZ:  I do, your Honor.  And I

Motion                                        4-5-05

1    appreciate your remarks with regard to the status of

2    the proceedings, and I believe that they're consistent

3    with what we have set forth in the brief that we've

4    filed in response to the Government's motion.  You

5    indicated that your intention is to proceed with a

6    waiver proceeding.

7           There may be a difference of semantics, but

8    my positioned response to that is that I don't think

9    my client can actually waive anything.  I think we can

10   acknowledge what the status of the record is and we

11   can talk about the future proceedings, but because of

12   the nature of what the issue is for Mr. Jones, I don't

13   think he can waive that, as distinguished from

14   Mr. Canty, who has a Sixth Amendment interest.

15          We're interested in protecting the

16   confidences and the secrets that Mr. Jones shared with

17   Mr. Lustig in the past, and it is a long time ago.  If

18   there has been some kind of violation of that, and I

19   don't have any reason at all to believe that there has

20   been.  I don't think we can waive it if we don't know

21   about it.  And I'm not sure that we could waive it if

22   we did know about it.  The past is behind us.  As to

23   the future, I believe that --

24          THE COURT:  You can waive the past, you

25   can't waive the future.

Motion                                          4-5-05

1        MR. GUREWITZ:  But we don't know about it,
2   that's the problem.  Things have happened -- if
3   anything has happened, we don't know about it at the
4   present time.  I don't have any information.  I can
5   represent right now to the Court, that I don't have
6   any current information that would indicate that there
7   has been any breach of that confidentiality.
8        THE COURT:  I suppose you could -- Mr. Jones
9   could waive as to anything within your knowledge at
10  this time.
11       MR. GUREWITZ:  Well, I can represent there
12  isn't anything within my knowledge.
13       THE COURT:  Waive on that basis then.  If
14  something comes to your attention that you didn't know
15  before, then obviously you're in a different
16  situation.
17       MR. GUREWITZ:  I think he can acknowledge
18  that.  I don't know that waiver accomplishes -- to use
19  the word waiver in that circumstance gets anywhere.
20  All I can say is that perhaps it is to acknowledge
21  what I just said.  As to the future, the conduct of
22  this case, particularly at trial, I believe that the
23  Court has accomplished what we wanted to effect, which
24  is to grant a severance.  In that case, I believe that
25  the potential conflict goes away at a trial.

Motion                                          4-5-05

1    Mr. Lustig isn't there, Mr. Canty isn't there, and

2    there's no problem.

3             With regard to the possibility that you

4    suggested that could raise another kind of issue if

5    Mr. Jones could be, and we're talking about a lot of

6    hypotheticals I think at this point, nothing more than

7    hypotheticals, but it's good at this kind of

8    proceeding to do that, one being that the possibility

9    of Mr. Jones testifying at a trial of Mr. Canty.  I

10   think that there -- perhaps should be addressed also

11   that the possibility of Mr. Canty testifying in

12   Mr. Jones' trial.  I don't have any reason to believe

13   at the present time that either would occur, but they

14   should be both acknowledged on the record I think.

15            We can't -- my client can't, I think, waive

16   a future disclosure of secrets or confidences for

17   Mr. Lustig.  We don't have any reason at all to

18   believe that would occur, but I don't think my client

19   can waive that and doesn't know what that would be and

20   there's no way to accomplish that.

21            THE COURT:  Well, I agree, your client can't

22   waive anything that hasn't happened yet.

23            MR. GUREWITZ:  Right.

24            THE COURT:  Well, all right.  Let's proceed

25   on that basis.  I guess that leaves one open question

Motion                                      4-5-05

1    to Mr. Allen, which is the issue of whether Mr. Canty

2    would be called in Mr. Jones' trial.

3           MR. ALLEN:  I have no reason to believe that

4    that will occur at this time, your Honor.  If there

5    were again a change in circumstance, I think there

6    would be a need for a fresh inquiry on this whole

7    issue, but I do not believe that to be the case now.

8    It certainly isn't planned as we stand here today, and

9    I don't foresee it happening before September.

10          The one issue -- and again, Mr. Gurewitz has

11   an excellent point, sometimes you can't pigeonhole the

12   issues under the term conflict or lack of conflict.

13   The issue that I continue to see with respect to

14   Mr. Jones is I think he at the last proceeding made

15   clear, as opposed to a waiver, that he does not

16   consent to any disclosure by Mr. Lustig of client

17   secrets or confidences he may have from the 1983

18   representation for the purpose of Mr. Lustig

19   representing Mr. Canty.

20          That I think is an area the Court needs to

21   confirm directly with Mr. Jones, that he does not

22   consent to any disclosure or secrets or confidences to

23   enable Mr. Lustig to represent Mr. Canty, because that

24   is a factor in Mr. Canty's waiver.  Mr. Canty must

25   understand that before he can proceed, that there may

Motion                                    4-5-05

1    be -- I'm not saying there are, that there may be

2    secrets or confidences or information that Mr. Jones

3    22, 23 years ago related to Mr. Lustig that may -- I

4    know we're dealing with a lot of hypotheticals -- that

5    may assist him in his defense in this case.  And that

6    if Mr. Jones does not consent to use or disclosure of

7    any of those, in other words, he holds Mr. Lustig to

8    his duty of loyalty.

9         That is a factor that Mr. Canty must take

10   into consideration in his waiver, and that's why I

11   think that we need this proceeding to make absolutely

12   clear that if Mr. Jones is not consenting to any -- I

13   won't use breach, he's not consenting to any

14   disclosure of any client confidences, that that's a

15   factor Mr. Canty must take into consideration in

16   proceeding.

17        And on the flip side, that Mr. Jones

18   reaffirms that he is not moving for disqualification

19   of Mr. Lustig on the remote, and I agree with

20   everyone, that it's a remote possibility that

21   Mr. Lustig may be faced with the dilemma of using

22   client confidences to best represent Mr. Canty.

23        THE COURT:  I didn't understand what you

24   just said, is not moving for disqualification?

25        MR. ALLEN:  The way I would frame it, your

Motion                                    4-5-05

1    Honor.

2              THE COURT:  On the remote possibility.  How

3    can he know right now he's not moving for

4    disqualification?

5              MR. ALLEN:  Well, if Mr. Jones believed that

6    there was a likelihood that Mr. Lustig would breach

7    his duty of loyalty, he should -- if he believes that

8    is a possibility, he should move for disqualification

9    and we should handle that issue right now.  I don't

10   know if disqualification would be the appropriate

11   remedy, because I'm not sure where the prejudice is to

12   Mr. Jones.  His remedy may well lie in a grievance

13   proceeding or something along those lines, but I want

14   these issues covered with Mr. Jones.

15             I want the Court to make the inquiry, if it

16   would, to make sure that Mr. Jones understands here

17   are the facts at issue, here are the principles at

18   issue in this representation, before we proceed to a

19   September trial date.

20             THE COURT:  All right.  Mr.Allen.

21   Mr. Gurewitz or Mr. Lustig, do either of you have

22   anything you want to say before I direct some

23   questions to Mr. Jones?

24             MR. LUSTIG:  No, your Honor.

25             THE COURT:  If you can hear me all right and

Motion                                    4-5-05

1    I can hear you, you can sit right there, Mr. Jones.  I

2    have a small hearing problem but usually is not severe

3    enough to require you to move.  You heard all of this,

4    and I know you know and understand what's going on,

5    but I want you to -- I want you to confirm that.  Do

6    you understand what we're talking about?

7            DEFENDANT JONES:  Yes.

8            THE COURT:  And you understand what

9    Mr. Allen just said, that he wants you to make it

10   clear on the record that you do not consent to

11   Mr. Lustig revealing anything of a confidential nature

12   that he learned when he represented you?

13           DEFENDANT JONES:  Yes.

14           THE COURT:  Is that the truth, you don't

15   consent to that?

16           DEFENDANT JONES:  Yes.

17           THE COURT:  And that based upon what you

18   know now at least, you do not intend to or believe it

19   likely that you will move for disqualification,

20   although it's understood that something might come up

21   in the future that you can't predict right now, do you

22   agree with that?

23           DEFENDANT JONES:  Yes.

24           THE COURT:  Well, Judge Moore wanted us to

25   talk about -- personally interview, which I'm doing

Motion                                    4-5-05

1  now, personally address.  I find as a matter of fact,

2  knowing Mr. Jones from other hearings and in other

3  ways, that he certainly is intelligent and understands

4  what we're talking about here.  I don't know if there

5  is narrative, which the **Osborn** case mentioned too.  We

6  don't have that, whether that's necessary or we can

7  get it from this case.  Are you satisfied that

8  Mr. Jones has said what he has to say, Mr. Allen?

9        MR. ALLEN:  I believe so, your Honor.  The

10  only other inquiry, and I think it is redundant at

11  this point because Mr. Gurewitz has put it in his

12  pleading, that Mr. Jones personally believes that a

13  severance resolves any conflict, whether it falls

14  under Sixth Amendment or due process at this point,

15  the conflict that he raised --

16        THE COURT:  That's sort of a legal

17  conclusion, isn't it?

18        MR. ALLEN:  Well, does Mr. Jones believe

19  that a severance protects the issues that he raised in

20  his severance motion, because he used the term

21  conflict.

22        THE COURT:  Do you agree, Mr. Gurewitz?

23        MR. GUREWITZ:  Your Honor, that is a legal

24  position.  I believe that a severance is required and

25  it provides the kind of protection we're asking for.

Motion                                    4-5-05

1      Again, we can't speak to what may happen in the

2      future.  We don't have any present belief that there

3      will be a problem in the future.

4                  THE COURT:  Mr. Jones, do you have any

5      reason to disagree with Mr. Gurewitz on that?

6                  DEFENDANT JONES:  No, sir.

7                  THE COURT:  Are you satisfied, Mr. Allen?

8                  MR. ALLEN:  Yes, sir.

9                  THE COURT:  All right.  I'd like to turn to

10     Mr. Canty now.  And first of all, can you hear me

11     Mr. Canty?  Can you hear me?

12                 DEFENDANT CANTY:  Yeah.

13                 THE COURT:  You may have to speak up a

14     little so I can hear you.  But first of all, I want to

15     counsel you, and I know Mr. Lustig has done this, on

16     the fact that you're entitled to effective assistance

17     of counsel, you understand that?

18                 Answer me, please.

19                 DEFENDANT CANTY:  Assistance of counsel, you

20     say I'm entitled to assistance of counsel?

21                 THE COURT:  Effective assistance of counsel,

22     and that that would be someone who would represent you

23     wholeheartedly and without any reference to any

24     earlier representation he might have had in this case

25     of Mr. Jones, you understand you're entitled to that?

Motion                                        4-5-05

1    DEFENDANT CANTY:  Yeah.

2    THE COURT:  And do you, based upon what

3    you've heard here this morning and I know you have --

4    you signed a document that says that, but do you want

5    to put on the record -- will you put on the record now

6    that you waive any assertion of any rights having to

7    do with the subsequent representation of Mr. Lustig by

8    you after -- 23 years ago he represented Mr. Jones, do

9    you waive that?

10    DEFENDANT CANTY:  Yeah.

11    THE COURT:  I find that for the record that

12    that is a knowing, intelligent and voluntary waiver

13    and therefore it's effective and proper as a waiver.

14    What further, Mr. Allen, do you think the record needs

15    to reflect?

16    MR. ALLEN:  I would ask the Court to

17    specifically ask Mr. Canty if he understood that

18    Mr. Jones will not consent to disclosure of any

19    attorney-client secrets or confidential communications

20    by Mr. Lustig in the course of his representing

21    Mr. Canty.  And so Mr. Canty understands, in theory,

22    there may be a way that Mr. Lustig could use

23    confidences, even though they're 23 years old, to

24    Mr. Canty's advantage in a trial, and that that is

25    what he is waiving, the possibility that Mr. Lustig

1    could use such information to his benefit in his

2    trial.

3              THE COURT:  I think what Mr. Allen is

4    talking about, Mr. Canty, is that do you understand

5    that what Mr. Jones has said is that he does not and

6    will not consent to revealing -- Mr. Lustig revealing

7    any confidential information that he learned while

8    representing -- while he represented Mr. Jones, do you

9    understand that that's what he said?

10             DEFENDANT CANTY:  Yeah.

11             THE COURT:  Anything further, Mr. Allen?

12             MR. ALLEN:  I'm sorry, in light of that,

13   does Mr. Canty still knowingly waive any actual or

14   potential conflict?

15             THE COURT:  Having answered that question,

16   do you still maintain the position that you will waive

17   any conflict that conceivably exists here?

18             MR. LUSTIG:  Your Honor --

19             THE COURT:  Mr. Lustig wants to say

20   something.

21             MR. LUSTIG:  Your Honor, may I question my

22   client to make sure everything is clear?

23             THE COURT:  Yes, sure.

24             MR. LUSTIG:  Mr. Canty, you and I, from the

25   first day, discussed the fact that I represented

Motion                                          4-5-05

1     Mr. Jones in 1983 and subsequently in 1987, but only

2     for the purpose of the arraignment, do you remember

3     that?

4               DEFENDANT CANTY:  Right.

5               MR. LUSTIG:  And you and I discussed the

6     fact that you in fact wrote a book about Mr. Jones?

7               DEFENDANT CANTY:  Yeah.

8               MR. LUSTIG:  And that we discussed the

9     contents of that book and the items in the book and

10    that you understood my position in that case, correct?

11              DEFENDANT CANTY:  Yes.

12              MR. LUSTIG:  All right.  And subsequently,

13    you and Mr. Martin from Atlanta, your co-counsel,

14    discussed any possibilities of a conflict here in

15    terms of cross examination or otherwise, and you

16    agreed with me that -- and with Mr. Martin, that there

17    was -- would be no conflict and you wanted me to

18    proceed to represent you; is that right?

19              DEFENDANT CANTY:  Yeah.

20              THE COURT:  Thank you, Mr. Lustig.

21    Mr. Allen again?

22              MR. ALLEN:  I believe we have a sufficient

23    record at this point, your Honor.  I think both

24    Mr. Canty and Mr. Jones have acknowledged their

25    understanding of the issue and potential problem and

Motion                                    4-5-05

1   that with the severance and with the statements of the

2   Defendants, we have the best possible record to move

3   forward.

4               THE COURT:  All right.  Anything further the

5   record should reflect from any party?

6               MR. GUREWITZ:  Two brief matters unrelated

7   to the motions, your Honor.  Number one, as I have on

8   other occasions, I'd like to ask the Court's

9   assistance in directing the marshals to return

10  Mr. Jones to Milan today.

11              THE COURT:  I ask that you do that, and I

12  don't know who's going to speak for the marshals --

13  there you are, if there's any reason you can't do

14  that, I'd like to know about it.  I hope it can be

15  done.

16              DEPUTY MARSHAL:  I'll direct that to a

17  supervisor, sir.

18              THE COURT:  Thank you.

19              MR. GUREWITZ:  The other thing, your Honor,

20  is that I understand that we have additional motions

21  that are now scheduled for hearing on the 19th of

22  this month, and I understand the Government is

23  planning to file their responses by the end of

24  Wednesday this week?

25              THE COURT:  Well, I certainly hope so; is

Motion                                    4-5-05

1    that right?

2            MR. ALLEN:  As do I, your Honor, yes.  I

3    have some issues to run through outside the office and

4    then the responses will be filed.

5            THE COURT:  All right.  Thank you.

6            MR. LUSTIG:  I have a question.

7            THE COURT:  Oh, yes, Mr. Lustig.

8            MR. LUSTIG:  First of all, I'd like to thank

9    the Government for all the attention.  You're moving

10   to Ann Arbor?

11           THE COURT:  Yes.

12           MR. LUSTIG:  But we will still have a

13   Detroit jury?

14           THE COURT:  Well, we'll try the case in Ann

15   Arbor and we'll have an Ann Arbor jury but that's --

16   it's not really much different from a Detroit jury --

17           MR. LUSTIG:  It is because it takes --

18           THE COURT:  It draws from Oakland, Wayne and

19   Macomb and I think from Washtenaw, too.

20           MR. LUSTIG:  No, it draws from Jackson

21   there.

22           THE COURT:  Jackson.

23           MR. LUSTIG:  And in Detroit, it draws from

24   Huron -- Lake Huron -- or Port Huron and they also

25   eliminated another -- there's another county that's

Motion                                        4-5-05

1    eliminated if you go to Ann Arbor.  So I'm asking in

2    terms of our preparation for the trial, even though we

3    don't have a date, whether or not we will have a

4    Detroit jury, even though you're moving to Ann Arbor

5    and can we --

6              THE COURT:  Well, I think the answer to

7    that, Mr. Lustig, is you won't unless you make a

8    motion and have the motion granted.  I think if we

9    pick a jury in Ann Arbor, we'll do it with the wheel

10   that comes out there.

11             MR. LUSTIG:  Okay.  I appreciate that.

12             THE COURT:  It's not -- I mean, if the Court

13   agrees, and I haven't even thought about that problem

14   obviously, but if the Court agrees that there's some

15   substance here and you should be entitled maybe to a

16   jury pool that you would get here if you tried the

17   case in this courtroom, then I don't see any reason

18   why we couldn't draw that kind of pool or I don't know

19   what the answer is to that.

20             MR. GUREWITZ:  Your Honor, I'd like to have

21   the opportunity to revisit this issue at some time.  I

22   think we've had some prior discussion about the

23   location of the trial, and there's been some talk

24   about the possibility of it occurring in Detroit, at

25   least for my client, because of a number of issues,

Motion                                    4-5-05

1    some of which relate to logistics, and I'd like to be

2    able to revisit that.

3           THE COURT:  Well, I -- you can address it.

4    If you can convince the Court that there is some

5    materiality to your point of view if you want it in

6    Detroit, I guess that I will consider that.  But as of

7    right now, it's going to be in Ann Arbor.  I know that

8    we discussed it, but I since then have talked with the

9    marshal service and people in Ann Arbor, the CSOs and

10   others, and I'm satisfied that from their point of

11   view that it's a better place to try the case than

12   Detroit is.

13          Now, if I were in the defense lawyer's

14   position and the thought Mr. Lustig has given about it

15   about where the pool comes from, I might have a

16   concern about that.  I don't know.  It's legitimate to

17   raise that concern, and it may very well be that you

18   could get me to agree that it should be a Detroit

19   drawn pool.

20          MR. GUREWITZ:  We'll address that again.

21   Thank you.

22          THE COURT:  Anything else?  All right.

23   Thank you very much.  The Court's in recess.

24          (The proceedings were concluded at

25          10:48 a.m.)

Motion                                      4-5-05

28

```
 1                        —  —  —

 2

 3              C E R T I F I C A T I O N

 4          I, Andrea E. Wabeke, official court

 5  reporter for the United States District Court,

 6  Eastern District of Michigan, Southern Division,

 7  appointed pursuant to the provisions of Title 28,

 8  United States Code, Section 753, do hereby certify

 9  that the foregoing is a correct transcript of the

10  proceedings in the above-entitled cause on the date

11  hereinbefore set forth.

12          I do further certify that the foregoing

13  transcript has been prepared by me or under my

14  direction.

15

16                                      April 18, 2005
                                        _____
17  Andrea E. Wabeke                    Date
    Official Court Reporter
18  RMR, CRR, CSR                       —  —  —

19

20

21

22

23

24

25
```

USA v Jones, Case No. 01-80571