UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CRIMINAL NO. 01-80571

-vs-                                   HON. JOHN CORBETT O'MEARA

D-5    EUGENE MITCHELL,

        Defendant.
        _____/

## GOVERNMENT'S CONSOLIDATED SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE FROM CALCULATED SENTENCING GUIDELINES RANGE

On September 6, 2007, the defendant, Eugene Mitchell, pled guilty to conspiracy to distribute more than 50 grams, but less than 150 grams, of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and 846, and aiding and abetting an intentional killing in a drug conspiracy in violation of 21 U.S.C. §848(e)(1)(A). He is currently scheduled for sentencing on December 18, 2007. The purpose of this memorandum is to set forth the factors supporting a guideline range of life imprisonment; and to request a downward departure pursuant to U.S.S.G. § 5K1.1 for the imposition of a sentence of 300 months incarceration coupled with the appropriate period of supervised release, court costs, and fine (if any).

1

## I.  Sentencing Guidelines Calculation

Both the United States Probation Department and the government calculated a sentencing guidelines range of life imprisonment. See Presentence Investigation Report ("PSI"), p. 16 (¶ 67) and Plea Agreement, p. 5 (¶2.B.)

In his signed plea agreement, Eugene Mitchell stipulated that

> . . . Raymond Canty was a co-conspirator in the drug distribution conspiracy described in Count One of the Second Superseding Indictment. In approximately 1994, defendant Raymond Canty advised defendant EUGENE MITCHELL that defendant Canty wanted Misha Deandre Dorsey (also known as Deandre Howard) killed, and that defendant Canty would pay defendant EUGENE MITCHELL $10,000 to commit the murder.  Defendant Canty advised defendant EUGENE MITCHELL that Misha Deandre Dorsey (also known as Deandre Howard) had robbed Canty of $2,000, which included drug proceeds.  As a result, defendant Canty perceived Mr. Dorsey as a threat to the drug operation and to his personal safety.
>
> On or about April 16, 1997, after confirming that defendant Raymond Canty still wanted Misha Deandre Dorsey (also known as Deandre Howard) killed, defendant EUGENE MITCHELL killed and murdered  Misha Deandre Dorsey (also known as Deandre Howard) by shooting him multiple times in the head with a .44 caliber handgun.  After the murder, defendant Raymond Canty paid defendant EUGENE MITCHELL $10,000 for the killing.

Id., pp. 4-5.  These statements were reinterated by Mr. Mitchell during his plea hearing.

In these circumstances the drug-offense guideline of U.S.S.G. § 2D1.1(d)(1) cross - references the first-degree murder guideline of U.S.S.G. § 2A1.1.  Accordingly, a Base Offense Level of 43 is established.

Base Offense Level 43 carries a guideline range of life imprisonment irrespective of the Criminal History Category.  *See generally*, U.S.S.G. (SENTENCING TABLE).

2

Therefore, no adjustment was anticipated for acceptance of responsibility as envisioned by U.S.S.G. § 3E1.1. *See;* Plea Agreement, (Worksheet D, Paragraph 2).

The reason for withholding an adjustment for acceptance of responsibility is found in the commentary to U.S.S.G. § 2A1.1. It states in pertinent part

> Offenses Involving Premeditated Killing. -- In the case of premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed.

*Id.*, Application Note 2. (A).

## II. Downward Departure

In 2005 in the landmark case of Booker and Fanfan,[1] the United States Supreme Court rendered the Sentencing Guidelines advisory as opposed to mandatory. Booker imposed a standard of reasonableness with regard to sentencing. The Court directed sentencing courts to consider the factors identified in 18 U.S.C. § 3553(a). These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

---

[1] 543 U.S. 220 (2005).

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range...

(5) any pertinent policy statement...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Sentences are unreasonable when the district court fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a). United States v. Webb, 403 F.3d 373, 383 (6th Cir. 2005), *see also;* Gall v. U.S., ___ U.S. ___ (No. 06-7949; decided December 10, 2007).  The district court is not required, however, to engage in a ritualistic review of each of the sentencing factors.  United States v. Johnson, 403 F.3d 813 (6th Cir. 2005); *accord* United States v. Harness, 453 F.3d 752 (6th Cir. 2006) (the district court need not recite each § 3553(a) factor at sentencing.

  Given the premeditated nature of the homicide committed by Mr. Mitchell, the government would ordinarily argue that the guideline sentence of life imprisonment was an appropriate disposition of this case.  At the time Mr. Mitchell pleaded guilty, however, the parties contemplated a motion for a downward departure from the guideline sentence to a

4

period of 300 months incarceration.  <u>Plea Agreement, p. 10</u>.  These departures are governed by U.S.S.G. § 5K1.1, which states in pertinent part

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Defendant has been debriefed extensively; and has provided valuable information to the government regarding his co-defendants.

In addition to his cooperation, the government has taken into consideration several other factors in making the downward departure motion and its attendant sentencing recommendation.  It is noted that Mr. Mitchell has significant family responsibilities. <u>PSI</u>, p. 14, ¶ 57.  It is also noted that he freely admitted his involvement in the instant criminal activity in a timely fashion without requiring a trial.

Weighing against these mitigating factors are Mr. Mitchell's criminal record, which includes felony convictions for armed robbery and carrying a concealed weapon. <u>PSI</u>, pp 11-12  Moreover, the premeditated nature of the killing of Deandre Dorsey (Howard) as reflected above, strongly weighs in favor of a substantial sentence.

Viewing all of the 3553(a) factors *in toto*, the government respectfully moves this honorable court to depart downward from a guideline sentence of life imprisonment and to sentence the defendant to a period of 300 months incarceration.

## Conclusion

In light of the foregoing, the government would respectfully request this honorable court to enter its finding that the appropriate guideline range for Eugene Mitchell is life imprisonment and to depart downward by sentencing him to a period of incarceration of 300 months; together with the appropriate period of Supervised Release and court costs and fines, if any.

          Respectfully submitted,

          STEPHEN J. MURPHY
          United States Attorney

Dated: December 10, 2007          s/ WILLIAM J. SAUGET
          Assistant United States Attorney
          211 W. Fort Street, Suite 2032
          Detroit, MI   48226-3211
          Phone: (313) 226-9575
          William.Sauget@usdoj.gov
          Bar Id:  P 28512

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 01-80571

-vs-        HON. JOHN CORBETT O'MEARA

D-5    EUGENE MITCHELL,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2007, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE FROM CALCULATED SENTENCING GUIDELINES RANGE** document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James Albulov, Jr., Christopher Andreoff, Marvin Barnett, John Brusstar, Anthony Chambers, Craig Daly, M. Ellen Dennis, S. Allen Early, III, Michael Fortner, Harold Gurewitz, Jennifer Herndon, Suzanna Kostovski, Richard Lustig, John Martin, Dennis Mitchenor, Joan Morgan, Robert Morgan, Richard O'Neill, Todd Perkins, John Shea, Richard Sindel, and Nicholas Vendittelli,

and I hereby certify that I have mailed by United States Postal Service one copy to each of

the following non-ECF participants:

Federal Defender Office
613 Abbott Street, 5th Floor
Detroit, MI 48226

Jennifer L. Brewer
33 Flower Valley
Suite 188
St. Louis, MO  63033

Richard Zipser
30445 Northwestern Highway
Suite 200
Farmington Hills, MI  48334

                                          s/  WILLIAM J. SAUGET
                                          Assistant United States Attorney
                                          211 West Fort Street, Suite 2001
                                          Detroit, MI  48226
                                          Phone:  (313)  226-9575
                                          E-Mail: William.Sauget@usdoj.gov
                                          (P 28512)

Date: December 10, 2007