**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff,

v.                                    Criminal No. 01-80571

                                          HON. John Corbett O'Meara

D-5    EUGENE MITCHELL,

        Defendant.

_____/

**DEFENDANT MITCHELL'S MOTION FOR DOWNWARD DEPARTURE**

      NOW COMES Defendant, EUGENE MITCHELL, by and through his counsel ANTHONY T. CHAMBERS, and requests this Honorable Court to grant an Order for a Downward Departure in the instant matter pursuant to 18 U.S.C. § 3553(a) (Lexis 2007) and 18 U.S.C. § 3553(b) (Lexis 2007). In support of said Motion, Defendant further states as follows:

1. That on September 6, 2007, Defendant Mitchell pled guilty to Conspiracy to Possess with Intent to Distribute more than 50 grams, but less than 150 grams, of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Aiding and Abetting an Intentional Killing in violation of 21 U.S.C. § 848(e)(1)(A).

2. That a Presentence Investigation Report was prepared on October 9, 2007.

3. That Defendant Mitchell has a total offense level of 43-points and his criminal history points places him in Criminal History Category V.

4. That Defendant Mitchell should receive a downward departure because the advisory guideline sentence is too harsh and it is "greater than necessary" to satisfy the purposes of sentencing.

WHEREFORE, Defendant Mitchell respectfully requests this Court to grant an Order for Downward Departure in the instant matter.

        Respectfully Submitted,

        s/ Anthony T. Chambers
        Anthony T. Chambers (P38177)
        220 W. Congress, Fifth Floor
        Detroit, Michigan 48226
        (313) 964.5557 Office
        (313) 964.4801 Fax
        achambers3650@yahoo.com

Dated: December 17, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

                                Criminal No. 01-80571

v.

                                HON. John Corbett O'Meara

D-5    EUGENE MITCHELL,

        Defendant.
_____/

## DEFENDANT MITCHELL'S BRIEF IN SUPPORT OF HIS MOTION FOR DOWNWARD DEPARTURE

### INTRODUCTION

This Brief is filed pursuant to 18 U.S.C. § 3553(a) (Lexis 2007), 18 U.S.C. § 3353(b) and U.S.S.G. 5K2.20 (Lexis 2007), and is submitted by Defendant EUGENE MITCHELL ("Defendant Mitchell"), by and through his counsel ANTHONY T. CHAMBERS, in support of his Motion for Downward Departure in the instant offense.

On September 6, 2007, Defendant Mitchell pled guilty to Conspiracy to Possess with Intent to Distribute more than 50 grams, but less than 150 grams, of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Aiding and Abetting an Intentional Killing in violation of 21 U.S.C. § 848(e)(1)(A).

A Presentence Investigation Report was prepared on October 9, 2007. As such, Defendant Mitchell's total offense level was calculated at 43-points and his criminal history points place him in Criminal History Category V.

The Base Offense Level 43 carries a guideline range of life imprisonment regardless of the Criminal History Category. *See* U.S.S.G. Sentencing Table. In addition, U.S.S.G. § 2A1.1 states in part:

> Offenses Involving Premeditated Killing --- In the case of premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed.

Id., Application Note 2. (A).

## ARGUMENT

I. **DEFENDANT MITCHELL'S MOTION FOR DOWNWARD DEPARTURE SHOULD BE GRANTED BECAUSE THE ADVISORY GUIDELINE RANGE IS TOO HARSH AND IS "GREATER THAN NECESSARY" TO SATISFY THE PURPORSES OF SENTENCING.**

Defendant Mitchell should receive a downward departure because the advisory guideline sentence is too harsh and would result in a sentence "greater than necessary". "[A] district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a). . ." United States v. Forman, 436 F.3d 638, 644 n.1 (6th Cir. 2006).

In Booker, the Court held that the sentencing guidelines are only advisory and not mandatory. United States v. Booker, 543 U.S. 220, 245-46, 125 S. Ct. 738, 756-57 (2005). Moreover, Booker states that in addition to the sentencing guidelines, federal courts must also consider factors in 18 U.S.C. § 3553(a) when determining the appropriate sentence. Booker, 543 U.S. at 304-05, 125 S.Ct. at 767. Under § 3553(a), a court must consider several factors when determining a particular sentence. The factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5) any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"It has been uniform and constant in federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996). When a district court fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors articulated in 18 U.S.C. § 3553(a) the sentences are considered unreasonable. United States v. Webb, 403 F.3d 373, 383 (6th Cir. 2005), *see also* Gall v. U.S., ____ U.S. ___ (No. 06-7949; decided December 10, 2007). Additionally, "[t]here are a potentially infinite number of factors which may warrant a departure." United States v. Coleman, 188 F.3d 354, 358 (6th Cir. 1999) (en banc). "Departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves." United States v. Gaskill, 991 F.2d 82, 86 (3rd Cir. 1993). "District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." Id.

Here, if imposed, the guidelines sentence is too harsh and will impose a sentence greater than necessary. It fails to take into account Defendant Mitchell's individual circumstances regarding his conviction. Such a sentence will also wreak unnecessary havoc upon his family members and children.

Defendant Mitchell does not have any information about or a relationship with his biological father. His mother, Gloria, divorced Daniel Mitchell, one year before

Defendant Mitchell was born. (P.S.I. p. 13-14, para. 55). He began smoking marijuana when he was 16 years old and smoked a blunt a day. (P.S.I. p. 14, para. 60). The drug that gave Defendant Mitchell the most problems was crack cocaine. He began using the drug at age 16 and used it daily until July 5, 1999 when the police picked him up. (P.S.I. p. 14, para. 60). He had a court order to attend treatment, however, he is unable to recall any information pertaining to that treatment. (P.S.I. p. 14, para. 60).

Defendant Mitchell also has a family of his own. He is father and provider to his daughter, Annissa Mitchell, and his son, Eugene Mitchell. (P.S.I. p. 14, para. 57). Pulling Defendant Mitchell away from his children will ultimately wreak havoc on their lives.

The judge may also consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses. Kimbrough v U.S., 552 U.S. ____ (2007). "[O]ur punishments [are] too sever, our sentences too long…" U.S. v. Ranum, 353 F.Supp.2d 984, 985 n.1 (E.D. Wis., 2005) (quoting Justice Kennedy's August 9, 2003 speech at the ABA Annual Meeting); U.S. v. Khan, 325 F.Supp. 218, 227 (E.D.N.Y. 2004) (same); U.S. v. Antonakopoulos, 399 F.3d 68, 81 (C.A.1, 2005) ("History shows that the mandatory nature of the Guidelines has produced particular results which led trial judges to express that the sentences imposed were unjust, grossly unfair, or disproportionate to the crime committed, and the judges would otherwise have sentenced differently.").

Defendant Mitchell is being held responsible for the distribution of at least 50 but less than 150 grams of crack cocaine. (P.S.I. p. 10, para. 29).

A harsh sentence does not promote respect for law because it does not show compassion, which is a part of justice. The sentence will be "greater than necessary" and it will not promote respect for the law, nor will the sentence be just. Accordingly, Defendant Mitchell should receive a downward departure and receive a sufficient sentence that is not greater than necessary.

Respectfully submitted,

s/Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964.5557 Office

                                                      (313) 964.4801 Fax
                                                      **achambers3650@yahoo.com**

Dated: December 17, 2007

## **CERTIFICATION**

      I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

William Soisson
Assistant United States Attorney
211 W. Fort Street, Suite 2300
Detroit, MI 48226

William Sauget
Assistant United States Attorney
211 W. Fort Street, Suite 2300
Detroit, MI 48226

Date: December 17, 2007        By: s/ Shantel Stoudemire, Paralegal to
                                                            Attorney Chambers