1

1      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF MICHIGAN
2            SOUTHERN DIVISION

3  UNITED STATES OF AMERICA,
                        Plaintiff,
4      v.                              CRIMINAL ACTION
                                       NO. 01-80571-5
5  EUGENE MITCHELL, a/k/a Water, a/k/a
   Chrishon Rolle
6                       Defendant.
   _____/
7
                     PLEA HEARING
8     BEFORE THE HONORABLE JOHN CORBETT O'MEARA
             United States District Judge
9     Ann Arbor U.S. Courthouse & Federal Building
                  200 East Liberty
10              Ann Arbor, Michigan
             Thursday, September 6, 2007
11

12 APPEARANCES:
   WILLIAM J. SAUGET
13 REGINA R. MCCULLOUGH
   United States Attorneys Office
14 211 West Fort Street
   Detroit, Michigan  48226
15 (313) 226-9618
        On behalf of the Government.
16
   ANTHONY T. CHAMBERS
17 220 West Congress
   Suite 500
18 Detroit, Michigan  48226
   (313) 964-4801
19      On behalf of the Defendant.

20                    -   -   -

21 TO OBTAIN CERTIFIED TRANSCRIPT:
   Andrea E. Wabeke, CSR, RMR, CRR
22 Official Court Reporter
   734.741.2106
23

24

25

**I N D E X**

**Proceeding**                                                      **Page**
Plea Hearing.............................          3

**E X H I B I T S**

| **Exhibit No.** | **Offered** | **Received** |
|---|---|---|

3

Plea hrg.                                    9/6/2007

1                        Ann Arbor, Michigan

2                        September 6, 2005

3                        4:37 p.m.

4                        —   —   —

5            THE CLERK:  Court calls United States of

6    America versus Eugene Mitchell.

7            THE COURT:  Counsel please put their

8    appearances on the record.  Mr. Sauget.

9            MR. SAUGET:  Good afternoon, your Honor.

10   May it please the Court, William Sauget, along with

11   Regina McCullough, Assistant United States Attorneys,

12   appearing on behalf of the Government.

13           THE COURT:  Welcome to both of you.

14   Mr. Chambers.

15           MR. CHAMBERS:  Good afternoon, your Honor.

16   Anthony Chambers on behalf of Mr. Mitchell, who's

17   standing to my left.

18           THE COURT:  Mr. Mitchell is standing there.

19   If you could approach the lectern, apparently -- both

20   of you do that.  We're here this afternoon, as I

21   understand it, Mr. Sauget, anticipating a possible

22   guilty plea by Mr. Mitchell to one or more counts of

23   the second superseding indictment; is that right?

24            MR. SAUGET:  That is correct, your Honor.

25            THE COURT:  By this reference, I make the

4

Plea hrg.                                      9/6/2007

1    second superseding indictment, a Rule 11 Plea
2    Agreement I've been handed, and a guilty plea
3    questionnaire part of the record in this case.
4           Are there any other documents which should
5    be part of the record, from the point of view of the
6    Government?
7           MR. SAUGET:  No, your Honor.
8           MR. CHAMBERS:  No, your Honor.
9           THE COURT:  Very well then.  Would you
10   please inform the Defendant and place on the record
11   the charges against him to which he is apparently
12   willing to plead guilty?
13          MR. SAUGET:  Yes, your Honor.  The Defendant
14   will be pleading guilty to Count 1 of the second
15   superseding indictment, which is a conspiracy to
16   distribute more than 50 grams of cocaine base, in
17   violation of Title 21 Section 846.  That particular
18   offense carries with it a mandatory minimum sentence
19   of not less than ten years, and up to life
20   imprisonment and/or a four million dollar fine.
21          With regard to the second count, the
22   Defendant is pleading guilty to -- he's pleading
23   guilty to an intentional killing in violation of Title
24   21 Section 848(e)(1)(A) and 18 U.S.C. Section 2.
25   That particular offense carries with it a mandatory

USA v Mitchell, Case No. 01-80571

5

Plea hrg.                              9/6/2007

1    minimum of not less than 20 years and up to life

2    imprisonment and I believe up to a two million dollar

3    fine and if I didn't speak to the first fine on Count

4    1 that carries with it up to a four million dollar

5    fine, your Honor.

6              THE COURT:  The second count to which

7    Mr. Mitchell is willing to plead guilty is Count 3?

8              MR. SAUGET:  Count 6, I believe, your Honor,

9    of the second superseding indictment, the intentional

10   killing of Misha Howard (sic.), otherwise known as

11   Deandre Dorsey (sic.).

12             THE COURT:  So what we anticipate is Counts

13   1 and 6?

14             MR. SAUGET:  Correct, your Honor.

15             THE COURT:  Very well.  Would you please

16   swear the Defendant.

17             (Defendant sworn)

18             THE COURT:  And let me ask Mr. Chambers if

19   the Government's recitation of the charges to which

20   Mr. Mitchell is apparently willing to plead guilty, if

21   it's accurate and adequate to inform Mr. Mitchell of

22   those charges?

23             MR. CHAMBERS:  Yes, it is your Honor.

24             THE COURT:  Very well.  Would you please

25   swear the Defendant -- you just did.  Okay.  Don't do

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007        6

1        it again.

2                Mr. Mitchell, would you give us your full

3        name please?

4                THE DEFENDANT:  Eugene Mitchell.

5                THE COURT:  Any aliases, ever use any other

6        names?

7                THE DEFENDANT:  LaShawn Lew and David Lamar

8        Mitchell.

9                THE COURT:  Anything else?

10               THE DEFENDANT:  No, sir.

11               THE COURT:  How old are you?

12               THE DEFENDANT:  35.

13               THE COURT:  How far did you go in school?

14               THE DEFENDANT:  Eleventh grade.

15               THE COURT:  Do you read, write and

16       understand English okay?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  Do you understand me okay?

19               THE DEFENDANT:  Yes.

20               THE COURT:  You, today I believe, filled out

21       the guilty plea questionnaire.  I have a copy of it

22       here.  Did you have Mr. Chambers with you when you

23       filled that out?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  Have you ever been treated for

7

Plea hrg.                                              9/6/2007

1    mental illness?

2              THE DEFENDANT:  No, sir.

3              THE COURT:  Are you presently under the

4    influence of any drug medication or alcoholic

5    beverage?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  I'd like to start with

8    Mr. Chambers and ask him if based upon his association

9    with Mr. Mitchell, he believes him to be competent?

10             MR. CHAMBERS:  I do.

11             THE COURT:  Do you, Mr. Sauget, whatever

12   association you've had?

13             MR. SAUGET:  I've had the opportunity to

14   speak with Mr. Mitchell previously in a debriefing

15   session, and I do find he is competent today, your

16   Honor.

17             THE COURT:  And Mr. Mitchell, you know what

18   we're talking about, it's whether you understand

19   exactly what's going on here and if you decide to

20   plead guilty, you'll know exactly what you're doing.

21   Do you believe you're competent in that way?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Very well.  You covered these

24   things in the plea agreement, but I'd like the record

25   to reflect them, and I'd like to say them again so

Plea hrg.                                    9/6/2007          8

1    that if you have any questions about them, you can ask

2    the questions.

3                   You're entitled to an attorney during all

4    stages of the proceedings here, and I'll appoint one

5    for you if you can't afford one.  You have the right

6    to plead not guilty to every charge filed against.

7    You have the right to a speedy and public trial by

8    jury, and to be presumed innocent unless the

9    Government proves you guilty beyond a reasonable doubt

10   by the unanimous agreement of all 12 members of a

11   jury.

12                  You have the right to see and hear all

13   witnesses called to testify against you and the right

14   to cross examine them.  And you have the right to have

15   me order witnesses you may want for your defense to

16   appear at trial at Government expense.

17                  Finally, you have the right to take the

18   witness stand or not as you choose.  You can't be

19   required to take the witness stand.  If you don't take

20   the witness stand, your silence can't be used against

21   you in any way.

22                  Do you understand that?

23                  THE DEFENDANT:  Yes, your Honor.

24                  THE COURT:  Do you wish to waive or give up

25   these rights and plead guilty?

USA v Mitchell, Case No. 01-80571

9

Plea hrg.                                    9/6/2007

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Do you understand that the

3    offenses to which you're apparently willing to plead

4    guilty are felony offenses, and if you plead guilty

5    and I accept your plea, you'll be convicted of those

6    offenses and that will affect, in a negative way, your

7    right to vote, the right to hold public office, the

8    right to serve on a jury and the right to possess

9    firearms.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Would you then, Mr. Sauget,

13   recite, at least to the extent you haven't already,

14   the criminal penalties implicated by guilty pleas

15   here.

16          MR. SAUGET:  Yes, your Honor.  Again, as to

17   Count 1 of the second superseding indictment,

18   Defendant is confronting a mandatory minimum of ten

19   years imprisonment, and up to life imprisonment and/or

20   a four million dollar fine.  And with regard to Count

21   6, the intentional killing, he is looking at a

22   mandatory minimum of 20 years up to life imprisonment

23   and/or a two million dollar fine.

24          THE COURT:  Is that accurate from your point

25   of view, Mr. Chambers?  Is it adequate to inform your

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007

1    client of those penalties?

2            MR. CHAMBERS:  Yes, it is, and we've

3    discussed them.

4            THE COURT:  Supervised release would

5    certainly be part of any custody part of the sentence,

6    and if you had got supervised release, there would be

7    conditions.  Do you understand if you violated those

8    conditions, you could be given additional prison time?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  Do you understand there by

11   statute there is a special assessment of $100 for the

12   conviction of a felony.  There are two of them here,

13   which they are anticipating you might plead guilty to.

14   If you did plead guilty, that would be a total of

15   $200?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Are you on probation or parole

18   in any other court?

19           THE DEFENDANT:  No, sir.

20           THE COURT:  Have you and Mr. Chambers talked

21   about how the sentencing guidelines might apply in

22   this case?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  And you understand I wouldn't be

25   able to place you on the grid for the sentencing

Plea hrg.                                    9/6/2007

1   guidelines in any final way until after I have a

2   presentence investigation report from the probation

3   department?

4           THE DEFENDANT:  Yes.

5           THE COURT:  And do you understand that there

6   are other things the Court must consider, which are

7   set out in a provision of the law called 3553(a), a

8   whole lot of things about you and the crime and the

9   impact on the public and everything else.  I have to

10  consider those as a matter of law before I impose a

11  sentence, do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Is that a yes?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  I have a little bit of a deficit

16  of hearing sometimes.  Have you read the indictment,

17  at least the parts in Count 1 and 6 and discussed it

18  with Mr. Chambers?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Would you please then,

21  Mr. Sauget, inform the Defendant and place on the

22  record the essential elements of the charges to which

23  he's apparently willing to plead guilty.

24          MR. SAUGET:  Very well, your Honor.  We have

25  outlined them in the Rule 11 Plea Agreement starting

Plea hrg.                                    9/6/2007

1      in Paragraph B on Page 2.  With regard to Count 1 of

2      the second superseding indictment, the following

3      elements are applicable:

4              That the Defendant entered into an agreement

5      with other persons to distribute, that is, to transfer

6      cocaine and cocaine base otherwise known as crack

7      cocaine; that cocaine is a Schedule II controlled

8      substance; that the Defendant, along with other

9      members of the conspiracy, knowingly distributed more

10     than 50 grams but less than 150 grams of cocaine base

11     which is otherwise known as crack cocaine;

12             That this activity occurred from at least

13     1996 until June of 2001; and that some of the

14     distribution activity occurred in the Detroit

15     metropolitan area, which is located in the Eastern

16     District of Michigan.

17             THE COURT:  Let's stop right there and see

18     if that is adequate and accurate from the Defendant's

19     point of view with regard to Count 1 of the second

20     superseding indictment?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  I notice that the elements

23     following are elements of Count 2, which I take it is

24     a typographical or at least --

25             MR. SAUGET:  It is a typographical error.

13

Plea hrg.                                    9/6/2007

1     It should be Count 6.  That would be the second count
2     the Defendant is pleading guilty to.  That should read
3     Count 6 of the second superseding indictment, your
4     Honor.
5              THE COURT:  Well, I will order that the --
6     first of all, I'll ask if the Defendant agrees that it
7     should be Count 6, and we can correct the Rule 11 Plea
8     Agreement.
9              MR. CHAMBERS:  We do, your Honor.  It's
10    simply a typographical.
11             THE COURT:  So ordered.  And starting --
12    where are we?
13             MR. SAUGET:  Page 2, your Honor.
14             THE COURT:  Guilty pleas A, B, and we're
15    down at the bottom of Page 2.  That will be changed to
16    reflect the elements of Count 6.  Do you have them
17    available so that you can read what they are?
18             MR. SAUGET:  Yes, your Honor.  And as
19    reflected on that Page 2, that the Defendant engaged
20    in an offense punishable under Title 21 United States
21    Code Sections 841(b)(1)(A), specifically, a conspiracy
22    to distribute cocaine and more than 50 grams of
23    cocaine base as described in Count 1 of the second
24    superseding indictment; two, that while the Defendant
25    was engaging in the conspiracy to distribute

USA v Mitchell, Case No. 01-80571

14

Plea hrg.                                    9/6/2007

1     cocaine -- more than 50 grams of cocaine base, the

2     Defendant intentionally planned the killing of Misha

3     Deandre Dorsey, also known as Deandre Howard; and

4     three, that the Defendant did in fact kill and murder

5     Misha Deandre Dorsey, also known as Deandre Howard,

6     and that this activity occurred in the Detroit

7     metropolitan area, which is located in the Eastern

8     District of Michigan.

9              THE COURT:  All right.  With the amendment

10    that we mentioned, Mr. Chambers, are those the

11    accurate elements of the offense in Count 6 and are

12    they adequate to inform your client of those elements?

13             MR. CHAMBERS:  Yes, your Honor, they are.

14             THE COURT:  Having heard all of this,

15    Mr. Mitchell, how do you plead to the charges against

16    you in Count 1 of the second superseding indictment,

17    that is the charges that you engaged in a conspiracy

18    to possess with intent to distribute and to distribute

19    controlled substances, being cocaine and marijuana,

20    how do you plead, guilty or not guilty?

21             THE DEFENDANT:  Guilty.

22             THE COURT:  And how do you plead to the

23    charges in Count 6 of that second superseding

24    indictment, that you engaged in intentional killing,

25    aiding and abetting and intentional killing, how do

Plea hrg.                                    9/6/2007

1    you plead, guilt or not guilty?

2                   THE DEFENDANT:  Guilty.

3                   THE COURT:  And are you pleading guilty to

4    these charges in Counts 1 and 6 because in fact you

5    are guilty?

6                   THE DEFENDANT:  Yes, your Honor.

7                   THE COURT:  The Rule 11 Plea Agreement I've

8    been given, which is part of the record, has a number

9    of signatures on Page 15 of this agreement.  One of

10   them appears to be yours.  Did you sign this agreement

11   on Page 15?

12                  THE DEFENDANT:  Yes, your Honor.

13                  THE COURT:  And is your willingness to plead

14   guilty here this afternoon at least partly because you

15   and Mr. Chambers were able to negotiate this agreement

16   with the Government?

17                  THE DEFENDANT:  Yes, your Honor.

18                  THE COURT:  Would you please state the

19   relevant terms of that agreement, Mr. Sauget?

20                  MR. SAUGET:  Very well, your Honor.  I've

21   already indicated what the penalties are for the

22   offense of Page 1 of that agreement.  I've also

23   indicated that the Defendant is pleading guilty to

24   Counts 1 and 6 of the second superseding indictment.

25   We have set forth the various elements of those

Plea hrg.                                    9/6/2007

1    offenses for the Court on Pages 2 and 3.

2            Starting on Paragraph 3C on Page 3, we've

3    set forth the factual basis for each of those

4    particular crimes, your Honor.  I would indicate to

5    the Court that with regard to the intentional killing,

6    that carries a guideline sentence of life

7    imprisonment, three points for acceptance of

8    responsibility pursuant to the comments section of the

9    guidelines are unapplicable, that is to say that it

10   stays at a level 43.

11           We've placed various factors with regard to

12   the relevant conduct on Page 6, Paragraph C, and

13   specifically that the Defendant is stipulating that at

14   least 50 grams but less than 150 grams of cocaine base

15   was involved in the conspiracy; and that the victim

16   was killed under circumstances that would constitute

17   murder under 18 U.S.C. 1111 had such killing taken

18   place within the territorial or maritime jurisdiction

19   of the United States.

20           As I've indicated, there is a mandatory

21   minimum sentence with regard to Count 1 and that is

22   ten years.  The Defendant will be subjected to a

23   period of supervised release subsequent to his period

24   of release from confinement of no less than five

25   years.  As the Court has indicated, the Defendant is

Plea hrg.                                    9/6/2007

1    going to be required to pay a special assessment of

2    $200.  There is no agreement as to the fine.

3            I would advise the Court that this is a full

4    cooperation plea agreement, that in the event the

5    Defendant continues his cooperation -- and I should

6    submit for purposes of this record that the Defendant

7    has already cooperated, and I see no reason as to why

8    we wouldn't be making the appropriate motion under

9    Section 5K1.1 of the sentencing guidelines.

10           But notwithstanding that, if he continues

11   his cooperation and that cooperation amounts to

12   substantial assistance in the prosecution of others,

13   at the time of sentencing, the Government would

14   recommend that the Court depart downward from that

15   sentencing guideline range of life and sentence the

16   Defendant to a period of 300 months or 25 years

17   imprisonment.

18           With regard to that recommendation, the

19   parties have agreed that in the event the Court

20   sentences the Defendant to more than 25 years, the

21   Defendant reserves the right to appeal that sentence.

22   And in like fashion, should the Court sentence the

23   Defendant to less than 25 years, the Government would

24   reserve its right to appeal that sentence.

25           I would also point out for purposes of the

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007

1    record, that intentional killing count also has a

2    statutory mandatory minimum of 20 years, and the

3    Government is not waiving that provision under Section

4    3553(e) of the guidelines.

5              I believe that pretty much incorporates the

6    more significant portions of the plea agreement.  I

7    would however defer to Defense counsel if there has

8    been something that has been omitted.

9              THE COURT:  Yes, Mr. Chambers, is this an

10   accurate recitation of the relevant terms of the plea

11   agreement or is there something you'd like to add or

12   modify?

13             MR. CHAMBERS:  No.  I believe it's an

14   accurate summary.

15             THE COURT:  And Mr. Mitchell, do you agree

16   with these terms as articulated by Mr. Sauget?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Except for the plea agreement

19   yourself, Mr. Mitchell, have any promises been made to

20   get you to plead guilty?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Anybody promise you leniency,

23   probation or any other specific sentence to get you to

24   plead guilty, again, apart from the plea agreement?

25             THE DEFENDANT:  No, sir.

Plea hrg.                                    9/6/2007

1          THE COURT:  Anybody try to force you to
2     plead guilty by any mistreatment or duress of any
3     kind?
4          THE DEFENDANT:  No, sir.
5          THE COURT:  Are you therefore pleading
6     guilty freely and voluntarily because in fact you are
7     guilty and it's your choice to plead guilty?
8          THE DEFENDANT:  Yes, your Honor.
9          THE COURT:  Would you tell us what you did
10    that makes you believe you're guilty?  And here again,
11    Mr. Sauget, I think maybe between you and Mr. Chambers
12    you can ask the questions and get the testimony.
13          MR. SAUGET:  Very well.  Mr. Mitchell, in
14    late October of 1996, were you released from prison in
15    the Mich -- from the Michigan Department of
16    Corrections?
17          THE DEFENDANT:  Yes, sir.
18          MR. SAUGET:  After you were released in
19    approximately February or March of 1997, did you move
20    into a house located on Westphalia Street, which is
21    over on the east side of Detroit?
22          THE DEFENDANT:  Yes, sir.
23          MR. SAUGET:  Was that house owned by Raymond
24    Canty?
25          THE DEFENDANT:  Yes, sir.

```
                                                              20
         Plea hrg.                          9/6/2007
```

1        MR. SAUGET:  While residing at that

2    location, beginning in approximately February of 1997

3    through approximately the year 2000, did Mr. Canty

4    provide you with quantities of powdered cocaine?

5              THE DEFENDANT:  Yes, sir.

6              MR. SAUGET:  And did you take that powder

7    cocaine then and process it into crack cocaine?

8              THE DEFENDANT:  Yes, sir.

9              MR. SAUGET:  Later on, after you had

10   processed this into crack cocaine, did you then go out

11   and sell it to other people?

12             THE DEFENDANT:  Yes, sir.

13             MR. SAUGET:  For purposes of this record,

14   would you agree that while you were there, that

15   Mr. Canty provided you -- that you distributed more

16   than 50 grams but less than 150 grams of cocaine base

17   from the cocaine that had been provided to you by

18   Mr. Canty?

19             THE DEFENDANT:  Yes, sir.

20             MR. SAUGET:  Specifically, he provided you

21   perhaps a kilo or kilo and a half of cocaine over that

22   period of time; is that correct?

23             THE DEFENDANT:  Yes, sir.

24             MR. SAUGET:  Okay.  Now, let's turn to --

25   excuse me, your Honor.  For purposes of this record,

USA v Mitchell, Case No. 01-80571

```
                                                          21
        Plea hrg.                        9/6/2007
```

1    the Government is satisfied with the factual basis as

2    to Count 1 of the second superseding indictment.

3              THE COURT:  Is the Defendant so satisfied,

4    Mr. Chambers?

5              MR. CHAMBERS:  Yes, likewise, we believe the

6    elements have been met.

7              THE COURT:  Very well.  Let's go to Count

8    7 -- or Count 6.

9              MR. SAUGET:  Sir, in approximately 1994,

10   were you approached by Raymond Canty and did Mr. Canty

11   ask you to kill Deandre Dorsey, who was also known as

12   Deandre Howard?

13             THE DEFENDANT:  Yes, sir.

14             MR. SAUGET:  Okay.  And did Mr. Canty

15   indicate to you that he would pay you $10,000 to

16   kill -- the individual, by the way, you knew as Dre;

17   is that correct?

18             THE DEFENDANT:  Correct.

19             MR. SAUGET:  Did Mr. Canty offer to pay you

20   $10,000 to do this?

21             THE DEFENDANT:  Yes, sir.

22             MR. SAUGET:  And were you aware of the fact

23   that Mr. Howard or Mr. Dorsey had previously robbed

24   Mr. Canty of approximately $2,000?

25             THE DEFENDANT:  Yes, sir.

Plea hrg.                                          9/6/2007

22

1      MR. SAUGET:  On or about April the 16th of

2   1997, did you have an opportunity to go back and

3   discuss with Mr. Canty as to whether or not Mr. Canty

4   still wanted you to kill Dre or Deandre Dorsey?

5           THE DEFENDANT:  Yes, sir.

6           MR. SAUGET:  And did you have a further

7   discussion with regard to the $10,000 that you would

8   be paid for this killing?

9           THE DEFENDANT:  Yes, sir.

10          MR. SAUGET:  Okay.  After you had this

11   conversation, did you then go procure a 44 caliber

12   handgun?

13          THE DEFENDANT:  Yes, sir.

14          MR. SAUGET:  And did you go over where

15   Mr. Dorsey or Mr. Howard was living at the time?

16          THE DEFENDANT:  Yes, sir.

17          MR. SAUGET:  And did you shoot him three

18   times in the head with that 44 caliber handgun?

19          THE DEFENDANT:  Yes, sir.

20          MR. SAUGET:  And after you shot Mr. Dorsey

21   and killed him, did Mr. Canty then pay you anything

22   for the killing?

23          THE DEFENDANT:  Yes, sir.

24          MR. SAUGET:  How much did Mr. Canty pay you?

25          THE DEFENDANT:  $10,000.

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007

1          MR. SAUGET:  And were you also aware of the

2     fact that Mr. Canty had also approached Butch Jones

3     for the purposes of killing Mr. Dorsey?

4          THE DEFENDANT:  Yes, sir.

5          MR. SAUGET:  And you found that out from

6     whom?

7          THE DEFENDANT:  Canty.

8          MR. SAUGET:  And the gun I believe that

9     Mr. Jones had had misfired; is that correct?

10         THE DEFENDANT:  I believe so.

11         MR. SAUGET:  And the killing of Mr. Deandre

12    Dorsey for $10,000 that was paid to you by Mr. Raymond

13    Canty, did this occur in the Detroit, which is located

14    in the Eastern District of Michigan?

15         THE DEFENDANT:  Yes, sir.

16         MR. SAUGET:  The Government is satisfied

17    with the factual basis, your Honor.

18         THE COURT:  And is the Defendant?

19         MR. CHAMBERS:  Yes, your Honor.

20         THE COURT:  Very well.  Having heard then,

21    Mr. Mitchell, about your rights and the penalties

22    attached to pleading guilty, let me ask you again, do

23    you still wish to plead guilty to Counts 1 and 6?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you still ask me to accept

USA v Mitchell, Case No. 01-80571

Plea hrg.                                      9/6/2007

24

1    your guilty pleas?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  All right.  Counsel both

4    satisfied the Court's complied with all the provisions

5    of Rule 11 of the Federal Rules of Criminal Procedure,

6    Mr. Sauget?

7            MR. SAUGET:  The Government is satisfied,

8    your Honor.

9            THE COURT:  Mr. Chambers?

10           MR. CHAMBERS:  Yes, your Honor.

11           THE COURT:  Very well then.  It's the

12   finding of the Court in the case of the United States

13   of America versus Eugene Mitchell that the Defendant

14   is fully competent and capable of entering an informed

15   plea of guilty; that the Defendant's pleas of guilty

16   are knowing and voluntary pleas; that the Defendant's

17   pleas are supported by the Defendant's own statement

18   of facts, which contains all of the essential elements

19   of the offenses charged in Counts 1 and 6.

20           The Defendant's pleas are therefore

21   accepted.  The Defendant is now adjudged guilty of the

22   offenses charged in those counts.  The Rule 11 Plea

23   Agreement is taken under advisement.  The matter is

24   referred to the probation department for a presentence

25   report.

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007

1        You will be asked questions by the probation

2   department to help prepare that report.  You're

3   entitled to have your lawyer present when you answer

4   those questions.  I'm sure Mr. Chambers will be there

5   anyway, but I advise you that I think he should be

6   with you when you answer those questions.

7        When they get done, they'll prepare a

8   written presentence report, and that will come to you,

9   a copy of it will, through Mr. Chambers.  You should

10  go over it carefully with him.  If there's anything

11  that's wrong in that report, that's in error and

12  material -- and material here just means important --

13  or anything that's should be in there that isn't,

14  again, material -- that means important -- you should

15  call that to the attention of the Government and the

16  probation department.  And if you all agree something

17  should be changed, I'm pretty sure it will be changed.

18  If you can't agree, it will have to come to me for

19  resolution.  Do you understand that?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  And do you understand that at

22  the time of sentencing, you'll have an opportunity to

23  address the Court prior to sentencing, and so will

24  Mr. Chambers, each of you will have a chance to talk

25  with Court; do you understand that?

USA v Mitchell, Case No. 01-80571

```
                                                        26
        Plea hrg.                          9/6/2007
```

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  And finally, do you understand

3      at that if I don't accept the Rule 11 Plea Agreement

4      for any reason, that you'll have an opportunity to

5      withdraw your pleas of guilty?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Sentencing is scheduled to be

8      held in this court December 18, 2007 at 10:00 a.m.

9      That's 10:00 a.m., December 18, 2007 in this

10     courtroom.  And Defendant is in custody and will be

11     remanded to the marshal service.  Is there anything

12     further that the Government would like the record to

13     reflect, Mr. Sauget?

14             MR. SAUGET:  No, your Honor.

15             THE COURT:  Mr. Chambers, for the Defendant?

16             MR. CHAMBERS:  Just one matter, your Honor.

17     I am currently in trial in Wayne County Circuit Court

18     on a multiple defendant case.  I was able to get here

19     today.  I know that the probation department always

20     wants to do the report quickly -- the interview within

21     ten days, and they'll come to the court.  I just want

22     to at least advise the Court I will not be available

23     for the next three weeks for an interview, so it will

24     have to be done after that.

25             THE COURT:  Do you understand,
```

USA v Mitchell, Case No. 01-80571

Plea hrg.                                      9/6/2007        27

1    Miss Maidment, who is present in the courtroom?

2                MR. CHAMBERS:  And I'll advise hem.

3                THE COURT:  Would you please, Miss Maidment,

4    advise whoever is the assigned probation officer --

5    who would that be?

6                PROBATION OFFICER:  It will be Miss Crova,

7    your Honor.

8                THE COURT:  Miss Crova.  All right.  You can

9    talk to her, too.

10               MR. CHAMBERS:  All right.  Thank you very

11   much.

12               THE COURT:  Anything further from either

13   side?

14               MR. SAUGET:  No, your Honor.

15               THE COURT:  Mr. Mitchell you take care of

16   yourself.  You stay healthy, and you won't get in too

17   much trouble where you are right now.  I guess you're

18   at Milan?

19               THE DEFENDANT:  Yes, sir.

20               THE COURT:  Okay.  Well you stay healthy.

21   Take care of yourself.  We'll see you in December.

22   Good luck to you.

23               (Proceedings concluded 5:04 p.m.)

24

25

USA v Mitchell, Case No. 01-80571

Plea hrg.                                    9/6/2007        28

1                          -   -   -

2                   **C E R T I F I C A T I O N**

3            I, Andrea E. Wabeke, official court

4    reporter for the United States District Court,

5    Eastern District of Michigan, Southern Division,

6    appointed pursuant to the provisions of Title 28,

7    United States Code, Section 753, do hereby certify

8    that the foregoing is a correct transcript of the

9    proceedings in the above-entitled cause on the date

10   hereinbefore set forth.

11           I do further certify that the foregoing

12   transcript has been prepared by me or under my

13   direction.

14

15   /s/Andrea E. Wabeke
     Official Court Reporter
16   RMR, CRR, CSR

17                          -   -   -

18

19

20

21

22

23

24

25